```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
JAMOR J. DEMBY,                     :
                                    :
         Petitioner,                :    Civ. No. 21-13075 (NLH)
                                    :
    v.                              :    **MEMORANDUM OPINION & ORDER**
                                    :
                                    :
CINDY SWEENEY, et al.,              :
                                    :
         Respondents.               :
_____:

APPEARANCE:

Jamor J. Demby
982910B
East Jersey State Prison
1100 Woodbridge Road
Rahway, NJ 07065

    Petitioner Pro se

HILLMAN, District Judge

    WHEREAS, Petitioner Jamor Demby filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, see ECF No. 1; and

    WHEREAS, Petitioner submitted a letter on July 2, 2021 indicating he wanted to withdraw the petition, ECF No. 2; and

    WHEREAS, the Court interpreted this letter as a request to voluntarily dismiss the petition under Federal Rule of Civil Procedure 41 and closed the matter, ECF No. 3; and

WHEREAS, on November 4, 2021, Petitioner submitted a letter asking to reopen the matter as well as an amended petition for habeas corpus under 28 U.S.C. §§ 2241 & 2254, ECF No. 4; and

WHEREAS, the Court will reopen the matter at Petitioner's request as the petition was voluntarily withdrawn.  However, Petitioner may not proceed under both § 2241 and § 2254; and

WHEREAS, Petitioner indicates he is challenging a conviction from the New Jersey Superior Court, Law Division, Camden County.  ECF No. 4 at 2.  "It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one."  Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001).  Therefore, Petitioner must rely on the more specific statute authorizing state prisoners to challenge their convictions in federal court, § 2254, rather than the general habeas statute, § 2241.  Id.; and

WHEREAS, this Court is required to notify Petitioner of the legal consequences of filing a petition for writ of habeas corpus under § 2254 and to advise him of his options.  Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 22 U.S.C. § 2244, a prisoner challenging the legality of a sentence imposed by a state court under § 2254 must include all potential claims in a single, comprehensive petition which must be filed

within one year of the date when the judgment of conviction became final. Except in very limited circumstances, a prisoner is barred from filing a second or successive habeas corpus petition; and

WHEREAS, Petitioner may now tell the Court how he wants to proceed by choosing one of the following options and notifying the Clerk of his choice pursuant to the terms of this Order. Accordingly, Petitioner may:

    a.   Convert his petition to a § 2254 petition;

    b.   Have the Court review the petition under § 2241 as filed.

Under option (a), the Court will convert the § 2241 petition to a § 2254 petition and screen under Rule 4 of the Rules Governing § 2254 Proceedings. Petitioner will lose his ability to file a second or successive petition under § 2254 challenging this state judgment absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances; and

WHEREAS, if Petitioner chooses option (b), the Court will screen the petition under § 2241. If the Court determines the relief requested may only be granted under § 2254, the Court will dismiss the § 2241 petition without prejudice; and

WHEREAS, if the Court receives no communication from Petitioner within 45 days of this Order, it will presume Petitioner has no objection to proceeding under § 2254,

THEREFORE, IT IS on this  8th   day of November  , 2021

ORDERED that the Clerk shall reopen this matter; and it is further

ORDERED that Petitioner has 45 days from the date of this Order to file with the Clerk a letter or other written response signed by Petitioner advising the Court how he would like to proceed; and it is further

ORDERED that if Petitioner does not file a signed response within 45 days of this Order, the Court will convert the petition into a § 2254 petition and review the amended petition under Rule 4 of the Rules Governing § 2254 Proceedings; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular mail

At Camden, New Jersey

   s/ Noel L. Hillman   
NOEL L. HILLMAN, U.S.D.J.