UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMOR J. DEMBY, | : | |
| Petitioner, | : | Civ. No. 21-13075 (NLH) |
| v. | : | OPINION |
| CINDY SWEENEY, et al., | : | |
| Respondents. | : | |

APPEARANCES:

Jamor J. Demby
982910B
East Jersey State Prison
1100 Woodbridge Road
Rahway, NJ 07065

Petitioner Pro se

HILLMAN, District Judge

Petitioner Jamor J. Demby filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 4. The Court provided notice and warnings under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000) and asked how Petitioner wanted to proceed. ECF No. 5. Petitioner informed the Court that he wanted to proceed under § 2254. ECF No. 6. Therefore, the Court will instruct the Clerk to convert the amended petition to an action under 28 U.S.C. § 2254 and will proceed to review under Habeas Rule 4.

For the reasons that follow, the Court will dismiss the amended petition for lack of jurisdiction.

I. BACKGROUND

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, 28 U.S.C. § 2254(e)(1), reproduces the recitation of the facts as set forth by the New Jersey Superior Court Appellate Division in its opinion denying Petitioner's direct appeal:

> Following a jury trial, defendant, Jamar Demby was convicted of disorderly persons theft, N.J.S.A. 2C:20-3(a) (count one);1 first-degree robbery, N.J.S.A. 2C:15-1 (count four); second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a) (count five); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count six); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1) (count nine).
>
> . . . .
>
> The charges result from two separate incidents, the first of which occurred on July 15, 2004. On that date, defendant entered an RXD pharmacy in Camden and demanded cigarettes. The sales clerk, Adaliz Santos, responded by saying, "[G]ive me the money first." Defendant lifted his shirt and displayed a brown handle to an object which Santos believed to be a gun, and proceeded to help himself to cigarettes from behind the sales counter.
>
> Two days later, on July 17, 2004, defendant returned to the store and went behind the sales counter. Santos and the pharmacist, Chetal Prajapati, were in the back of the store working. Prajapati noticed defendant and said "excuse me." Defendant replied by lifting his shirt, and exposing a gun tucked into his pants. He pulled it out, put his finger on the trigger, and asked "what?" Having effectively silenced Prajapati and Santos, he put

> the gun back into his waistband and continued to help himself to cigarettes.
>
> Prajapati, who had some experience with handguns, testified at trial that the gun displayed during the July 17, 2004, incident was a nine millimeter weapon, black, with maybe some brown, and approximately six inches long. She also testified that defendant had actually stolen cigarettes from the store on a prior occasion, on July 13, 2004, while in the company of an unidentified man. No charges were filed as a result of that event.
>
> All the incidents occurred in the morning in broad daylight. Santos, as well as Monica Calderone, a store employee who witnessed the July 15 incident, identified defendant's photo from an array they were shown by police. No gun was ever recovered. At trial, Santos identified defendant as the perpetrator, as did Calderone.

State v. Demby, No. A-6039-05T4, 2008 WL 901714, at *1 (N.J. Super. Ct. App. Div. Apr. 4, 2008). The court then sentenced Petitioner to eighteen-years imprisonment with an 85% parole disqualifier and nine years of parole ineligibility (Count Four), to be followed by a consecutive prison term of eight years, subject to a five-year parole disqualifier (Count Nine). Id. "Count five was properly merged into count four. A term of six months was imposed on count one concurrent to count four, and a term of five years on count six was also made concurrent to count four." Id.

On April 4, 2008, the Appellate Division affirmed the convictions and sentence. Id. The New Jersey Supreme Court

denied certification on June 12, 2008. State v. Demby, 951 A.2d 1038 (N.J. 2008).

On December 4, 2008, Petitioner filed a petition for writ of habeas corpus under § 2254 in this Court. Demby v. Balicki, No. 08-5966 (D.N.J. Dec. 4, 2008). The Court issued Mason warnings to Petitioner, id. (May 7, 2009) (ECF No. 3), and Petitioner responded that he wanted to proceed with his petition as filed, id. (May 18, 2009)(ECF No. 4). The Court denied the petition on April 29, 2013. Id. (ECF No. 20). The United States Court of Appeals for the Third Circuit dismissed the appeal as untimely. Demby v. Balicki, No. 13-3120 (3d Cir. Dec. 31, 2013).

Petitioner filed a habeas corpus petition under 28 U.S.C. § 2241 on June 29, 2021. ECF No. 1. He later withdrew the petition on July 2, 2021. ECF No. 2. Upon receipt of an amended petition, the Court reopened the matter at Petitioner's request. ECF No. 5. The Court noted that Petitioner was challenging a state court conviction and that such challenges must be filed under 28 U.S.C. § 2254. Id. The Court provided notice and warnings under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000) and asked Petitioner how he would like to proceed. Id. Petitioner informed the Court that he wanted to proceed under § 2254. ECF No. 6.

II. STANDARD OF REVIEW

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Section 2254(a) of Title 28 provides in relevant part:

> (a) [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." 28 U.S.C. § 2254 Rule 4.

III. DISCUSSION

As the Court notified Petitioner on two separate occasions, the Antiterrorism and Effective Death Penalty Act ("AEDPA") restricts this Court's jurisdiction over a second or successive § 2254 petition. See ECF No. 5; Demby, No. 08-5966 (D.N.J. May

7, 2009) (ECF No. 3). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Rule 9 of the Rules Governing Section 2254 Proceedings, entitled "Second or Successive Petitions," similarly provides: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." 28 U.S.C. § 2254 Rule 9. Absent this authorization, the Court lacks jurisdiction over any second or successive § 2254 petition. Burton v. Stewart, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place").

The current petition challenges the same state court conviction that was the subject of Petitioner's 2008 filing, and there is no indication that Petitioner has received permission from the Third Circuit to file this second or successive petition. Therefore, this Court lacks jurisdiction. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such

action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in the interests of justice to transfer this petition to the Third Circuit for consideration as it does not appear that Petitioner can meet § 2244's requirements for filing a second or successive petition.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order denying relief from a "detention complained of aris[ing] out of process issued by a State Court" unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as second or successive is correct.

IV. CONCLUSION

For the foregoing reasons, the second or successive § 2254 petition is dismissed for lack of jurisdiction. No certificate of appealability shall issue. An appropriate order will be entered.

Dated: December 8, 2021
At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.